IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA LEE KELLY

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 1:15-cv-00762-MA

ORDER ON EAJA FEES

MARSH, Judge

On May 2, 2016, the Court granted the parties' Stipulated Motion to Remand this case to the Commissioner for a *de novo* hearing. Order for Remand, ECF No. 20. On July 29, 2016, Plaintiff Brenda Lee Kelly requested an award of attorney fees in the amount of $8,781.50, pursuant to the Equal Access to Justice Act ("EAJA'), 28 U.S.C. § 2412. Pl.'s Appl. for Fees, ECF No. 22. Defendant the Commissioner of Social Security Administration ("the Commissioner") does not dispute that Plaintiff is entitled to fees, but contests the reasonableness of Plaintiff's request and seeks a 50 percent reduction. Def.'s Resp., ECF No. 24. Plaintiff has filed a reply. Reply, ECF No. 25. For the reasons that follow, Plaintiff's application for fees is granted in part and denied in part.

1 - ORDER ON EAJA FEES

## BACKGROUND

On May 2, 2015, Plaintiff filed a complaint seeking review of the Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income disability benefits. Compl., ECF No. 1. On January 13, 2016, Plaintiff filed a 29-page brief alleging that the ALJ erred in failing to find that she equals Listing 1.04A or B, improperly evaluated her credibility, improperly evaluated the opinions of Drs. Steinbrenner and Bogard, improperly relied on Dr. McDonell's opinion because that examination report was not made part of the administrative record, and improperly relied upon the vocational expert's testimony because the residual functional capacity was flawed. Pl.'s Br. at 10, 21, 26-27, ECF No. 15. On April 21, 2016, the parties submitted a Stipulated Motion to Remand to the agency. ECF No. 19. In a May 2, 2016 Order, the Court granted the parties' stipulated motion, and remanded the case to the Commissioner for a *de novo* hearing, instructing the Administrative Law Judge to:

> further develop the record by attempting to obtain Dr. Bogard's June 2005 opinion, Dr. McDonell's May 2006 report, and further clarification of functional limitations from Dr. Steinbrenner; re-evaluate medical opinion evidence; re-evaluate Plaintiff's credibility in a manner consistent with SSRs 16-3p and 02-1p; re-evaluate Plaintiff's residual functional capacity; perform a new step five analysis, obtaining additional vocational expert testimony, if necessary, and issue a new decision.

Order for Remand at 1-2, ECF No. 20.

As the prevailing party, Plaintiff filed the current application for fees under the EAJA. ECF No. 22. The Commissioner concedes that its position was not substantially justified, and the Court so finds. 28 U.S.C. § 2412(d)(1)(A-B). As the prevailing party, Plaintiff is entitled to a reasonable fee. The Commissioner contends that the amount of fees should be reduced because the amount is unreasonable and improperly includes duplicative time.

## DISCUSSION

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The starting point for a reasonable fee is the "lodestar method" or, the number of hours expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 434. Counsel for the prevailing party should exercise good billing judgment, and eliminate from fee requests hours that are "'excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Costa*, 690 F.3d at 1135 (quoting *Hensley*, 461 U.S. at 434; *Moreno*, 534 F.3d at 1111.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The party opposing the fee request has the burden of rebuttal which requires the submission of evidence to challenge the accuracy and reasonableness of the hours charged. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433-34.

The amount of the fee award must be determined on the facts of each case. *Hensley*, 461 U.S. at 429. Assessing whether an attorney has spent a reasonable amount of time on a case "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Costa*, 690 F.3d at 1136. While a court may not adopt *de facto* policy of restricting EAJA awards in social security cases

3 - ORDER ON EAJA FEES

to 40 hours or less, courts may consider EAJA awards in other cases as one of many factors in evaluating the reasonableness of a fee request, provided they explain why the amount of time requested for a particular task is too high. *Id.* The court may consider the fact that 20 to 40 hours is the range most often requested in social security cases, but the court may not limit attorney fee requests to 20 to 40 hours in "routine" cases. *Id. See also Stearns v. Colvin*, Case No. 3:14-cv-05611-JRC, 2016 WL 730301, *4 (W.D. Wash. Feb. 24, 2016) (reducing award by 10 hours to account for excessive time spent on case given complexity of issues and length of administrative record).

Plaintiff seeks a total of $8,781.50 in attorney fees for 45.85 hours expended broken down as follows: $190.28 per hour for 5.6 hours expended in 2015 (attorney Tim Wilborn only), $191.70 per hour for 40.25 hours expended in 2016 (9 hours by Tim Wilborn and 31.25 hours by Ralph Wilborn). In this case, the Commissioner does not object to the hourly rate, and I note that the rates are within the statutory cap provided for under the EAJA, and that Plaintiff does not seek costs or expenses.

The Commissioner contends that 45.85 hours sought for this matter is unreasonable because the case involved a stipulated remand, and thus Plaintiff's attorneys were required only to prepare an opening brief. Additionally, the Commissioner contends that the administrative record was not exceptionally long, and the legal issues involved were routine. The Commissioner specifically challenges the amount of time spent preparing the opening brief, alleging that Tim and Ralph Wilborn duplicated their effort, and that Ralph Wilborn spent an excessive amount of time (14 hours) to review the 463-page administrative record. The Commissioner seeks a reduction by 50

4 - ORDER ON EAJA FEES

percent, or $4,390.75, to account for duplication of effort, excessive hours, block billing, and Plaintiff's limited success.

The 45.85 hours expended in this case is noticeably higher than similar cases on my docket. For example, reviewing a number of social security disability cases in the previous three years that have been resolved with a stipulated remand after the opening brief was filed shows that I have awarded EAJA fees for total hours expended ranging from 12.2 hours to 35.5 hours, the time spent preparing an opening brief ranging from 7 hours to 25.75 hours, and the time spent reviewing the administrative record ranging from .8 hours to 14.6 hours. *Burtch v. Comm'r Soc. Sec. Admin.*, 6:15-cv-00028-MA (approving EAJA fees award for 30.2 total hours; transcript 381 pages); *Swartley v. Comm'r Soc. Sec. Admin.*, 6:15-cv-00121-MA (30.4 total hours, including 8 hours reviewing 962-page transcript, 12.25 hours preparing opening brief); *Jensen v. Comm'r Soc. Sec. Admin.*, 6:15-cv-00930-MA (33.6 total hours, 10 hours reviewing 415-page transcript, 19.7 hours preparing opening brief); *McCarthy v. Comm'r Soc. Sec. Admin.*, 3:14-cv-00082-MA (27.5 total hours, 8.8 hours reviewing 1,250-page transcript, 15 hours preparing opening brief); *Skoch v. Comm'r Soc. Sec. Admin.*, 3:14-cv-00725-MA (29.9 total hours, 11.5 hours reviewing 1,144-page transcript, 14.2 hours preparing opening brief); *Headrick v. Comm'r Soc. Sec. Admin.*, 3:14-cv-00790 (29.7 total hours, 10.2 hours reviewing 1,203-page transcript, 17 hours preparing opening brief); *Tyson v. Comm'r Soc. Sec. Admin.*, 3:14-cv-00889-MA (30.6 total hours, 9.4 hours reviewing 385-page transcript, 18.2 hours preparing opening brief); *Hinrickson v. Comm'r Soc. Sec. Admin.*, 3:14-cv-00402-MA (21.4 total hours, 5 hours reviewing 501-page transcript, 11.6 hours preparing opening brief); *Weil v. Comm'r Soc. Sec. Admin.*, 3:14-cv-01898-MA (32.7 total hours, 9.4 hours reviewing 290-page transcript, 17 hours preparing opening brief); *Potter v. Comm'r Soc. Sec. Admin.*, 6:13-cv-01039-MA

(12.2 total hours, .8 hours reviewing 576-page transcript, 7 hours preparing opening brief); *Langston v. Comm'r Soc. Sec. Admin.*, 6:13-cv-00568-MA (31.0 total hours, 14.5 hours reviewing 356-page transcript, 9.1 hours preparing opening brief); *Bradley v. Comm'r Soc. Sec. Admin.*, 2:13-cv-00895-MA (35.5 total hours, 1.35 hours reviewing 389-page transcript, 25.75 hours preparing opening brief).

Here, Plaintiff's attorneys expended 34.55 hours simply to review the file and prepare the opening brief, with 45.85 hours expended for the entire case. To be sure, the hours expended by Plaintiff's attorneys exceed all other requested hours in cases with substantially similar outcomes. *Accord Brooks v. Colvin*, Case No. 3:15-cv-05207-DWC, 2016 WL 4061573, *4 (W.D. Wash. July 28, 2016) (noting range of hours to prepare opening brief from 7.6 hours to 25.4 hours and that requested 32.4 hours for opening brief exceeded total hours billed in many social security cases).

Additionally, I agree with the Commissioner that 45.85 hours is excessive given the facts of this case. The legal issues raised by Plaintiff in the opening brief were neither novel or complex. To be sure, the issues asserted – listings, credibility, evaluation of medical evidence, steps four and five – are commonly encountered by the Court in social security disability cases and should require less time for an experienced attorney to effectively research and argue. Moreover, the administrative record in this case, 463 pages, is certainly of average length, and far shorter than many, as I detailed above. *See Brooks*, 2016 WL 4061573 at *4 (noting that 604 page record may be on the smaller end in social security appeals, concluding reasonable amount of time to prepare opening brief was 22 hours). Moreover, the attorneys here are very experienced and appear with regularity before this Court on social security disability matters. Thus, I find it duplicative to have Tim Wilborn spend 3.3 hours revising the opening brief drafted by Ralph Wilborn, to then have Ralph Wilborn spend

6 - ORDER ON EAJA FEES

an additional 3.25 hours incorporating those revisions. This results in a 6.55 hour reduction from the requested 2016 time for the duplicated effort.

Plaintiff agrees that the administrative record was not voluminous, but suggests that the record was complex. I disagree. I note that the procedural posture of this case was not unusual and did not involve previous remands from the District Court or the Appeals Council. *See* Pl.'s Opening Br. at 1, ECF No. 15. Additionally, I observe that the type of impairments alleged by Plaintiff (lumbar degenerative disease, major depressive disorder, chronic obstructive pulmonary disease, obstructive sleep apnea, and obesity) occur with regularity before this Court. *Id.* Likewise, the Court is not convinced that simply because the attorneys did not represent Plaintiff in the underlying administrative process, it was necessary to expend extra hours to become familiar with the administrative record. Again, this is not an uncommon occurrence before this Court. *See Stearns v. Colvin*, Case No. 3:14-cv-05611 JRC, 2016 WL 730301, *5-6 (W.D. Wash. Feb. 24, 2016) (finding that not representing claimant at the administrative hearing did not justify extra time to prepare opening brief).

Thus, I agree with the Commissioner that 14 hours spent reviewing the transcript in this case is excessive.[1] I disagree, however, with a 50 percent reduction. I find that a four hour reduction to 10 hours represents a reasonable amount of time for reviewing an administrative record of this

---

[1]The Commissioner objects to Ralph Wilborn's time entries on January 9 and 10, 2016 as block-billed. Reviewing the entries, Ralph Wilborn did not specify how much time was spent performing different tasks. For example, on January 10, he did not detail how many of the 8.0 hours billed that day were expended completing his review of the administrative record versus partially researching and drafting Plaintiff's opening brief. Pl.'s Ex. 1 at 3, ECF No. 23-1. For purposes of my analysis, I have treated the entire January 10 entry as pertaining to review of the administrative record. Although I agree with the Commissioner that the January 10 entry contains block billed tasks, I decline to reduce or eliminate the entry on that basis. Any further reduction than that set forth *infra* is unwarranted.

7 - ORDER ON EAJA FEES

length. I recognize that in *Langston v. Comm'r Soc. Sec. Admin.*, I approved 14.5 hours for reviewing a transcript of a similar length. *Langston*, 6:13-cv-00568-MA, *supra*. Yet, in *Langston*, preparing the opening brief took only 9.1 hours, for a combined total of 23.6 hours for reviewing the transcript and preparing the opening brief – far less than the 34.55 hours requested for similar tasks in this case. Thus, I find *Langston* distinguishable. Moreover, as detailed above, in several other cases the attorneys have expended 10 hours or less for reviewing transcripts larger than the transcript in this case. *See, e.g, Swartley, McCarthy, Hinrickson, supra.*

In the Reply, Plaintiff cites a number of cases for the proposition that 45.85 hours falls within the range of hours found to be reasonable in similar cases. Plaintiff argues that various courts have awarded EAJA fees for 60, 80, or even 100 hours for a "routine" social security case. Having reviewed many of the cases cited by Plaintiff, it is noteworthy that they predominantly involved full briefing of a case, and not a stipulated remand following preparation of solely an opening brief, and predictably requiring more time. *See, e.g.*, *Kuharski v. Colvin*, No. 2:12-cv-1055-AC, 2015 WL 1530507, *1-2, 6 (E.D. Cal. Apr. 3, 2015) (40.80 hours awarded, claimant's attorney required to oppose cross-motions for summary judgment and a motion to amend the judgment); *Boulanger v. Astrue*, No. Civ. S-07-0849 DAD, 2011 WL 4971890, *2 (E.D. Cal. Oct. 19, 2011) (58 hours awarded, cross-motions for summary judgment filed by the parties); *Watkins v. Astrue*, No. Civ S-06-1895 DAD, 2011 WL 4889190, *1 (E.D. Cal. Oct. 13, 2011) (awarding 62 hours, cross-motions for summary judgment filed; administrative record 700 pages and opening brief 55 pages long); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383686, *4 (E.D. Cal. Sept. 20, 2011) (approving 62.1 hours where case fully briefed). *But see Dean v. Astrue*, No. CIV S-07-0529 DAD, 2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (remand after filing a motion for summary judgment

Additionally, Plaintiff argues that 45.85 hours expended in this case falls well within the hours deemed reasonable by other judges within the District of Oregon. I find the cases cited by Plaintiff distinguishable. For example, two of the cases cited by Plaintiff involved preparing a reply and responses to objections to a Findings and Recommendation. *Wright v. Comm'r Soc. Sec. Admin.*, Case No. 05-cv-03106-AS (EAJA request not contested, parties agreed to reduction); *Miller v. Comm'r Soc. Sec. Admin.*, 1:05-cv-00311-CO (awarding 73.83 hours, objections rejected because they lacked specificity). Two other cases cited by Plaintiff involved a remand to the agency, but required additional briefing as to the proper remedy. *Abrego v. Comm'r Soc. Sec. Admin.*, Case No. 3:04-cv-01000-MO (awarding 80.95 hours, transcript 816 pages, and agency did not make specific objections as to the reasonableness of any time entry); *Querry v. Comm'r Soc. Sec. Admin.*, Case No. 6:06-cv-01675-TC (awarding 75.75 hours, response to objections to Findings and Recommendation also filed). Thus, the cases cited by Plaintiff do not dictate the outcome here.

Again, I am required to assess the reasonableness of each EAJA fee request on the merits of each case. *Hensley*, 461 U.S. at 429. Plaintiff's request exceeds all others approved by me as reasonable in cases with similar procedural histories, legal issues, and transcript lengths. Having carefully reviewed the facts, issues, submissions, and objections in this case, I conclude that the amount of time expended on this case is excessive and unreasonable. As noted above, I have reduced Plaintiff's requested time for reviewing the transcript by four hours. Additionally, the time spent preparing the opening brief contains 6.55 hours of duplicative time. This results in a reduction of

9 - ORDER ON EAJA FEES

10.55 hours from the requested 2016 time. This results in approval of 29.7 hours for 2016, which is a reasonable amount of time in this instance. *Stearns*, 2016 WL 730301 at *6 (finding 35 hours expended preparing opening brief excessive, reducing by 10 hours); *Brooks*, 2016 WL 4061573, at *4 (reducing requested time for preparing opening brief by 10.4 hours; finding that 45.9 total hours was reasonable where reply and supplemental briefing prepared); *Storie,* 2016 WL 4179823 at *3 (reducing request by 13.5 hours for preparing opening brief where a stipulated remand was obtained; transcript 1,249 pages, noting the total time awarded of 45.6 hours was the highest the court had awarded in similar cases).

Plaintiff's fee request also inappropriately includes time for clerical tasks performed by attorney Tim Wilborn in 2015. It is well-settled that the court may reduce an attorney's hours for time spent performing clerical work. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (noting the dollar value of non-legal work "is not enhanced" because it is performed by a lawyer); *Neil v. Comm'r Soc. Sec. Admin.*, 495 F. App'x 845, 847 (9th Cir. 2012) (affirming reductions for clerical tasks such as preparing and serving summons); *Brandt v. Astrue*, Civ. No. 08-0658-TC, 2009 WL 1727472, *4 (D. Or. June 16, 2009) (finding that attorney time spent drafting and serving summons was non-compensable clerical work). I find the following tasks related to service to be primarily clerical in nature:

| | | |
|---|---|---|
| 05/06/15 | Review "issued" summons | .10 |
| 05/06/15 | Draft letter with documents to effect service | .30 |
| 06/01/15 | Review service returns for US Atty, SSA-OGC, and DOJ-USAG | .10 |
| 06/01/15 | Prepare documents to allege service via ECF | .30 |

Pl.'s Ex. 1, ECF No. 23-1. Accordingly, I deduct Plaintiff's fee request by .80 hours in 2015 to account for clerical tasks.

In summary, I find a total of 34.5 hours to be reasonable under the EAJA. Therefore, Plaintiff is entitled to an award of $6,606.83 (4.8 hours (5.6 less .80) in 2015 x $190.28 = $913.34 plus 29.7 hours (40.25 less 10.55) in 2016 x $191.70 = $5,693.49).

## CONCLUSION

For the reasons stated above, Plaintiff's Application for Fees Pursuant to EAJA (ECF No. 22), is GRANTED in part and DENIED in part. Plaintiff is awarded $6,606.83 in fees pursuant to the EAJA. Consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this 15 day of SEPTEMBER, 2016.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge